UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
BENJAMIN LUCAS,
        Petitioner,

    -against-

MICHAEL ZENK, Warden, MDC-Brooklyn,
THE FEDERAL BUREAU OF PRISONS,
JEFF JOHNSON, ISM Manager,
CARLOS DUFF, Unit Manager,
MS. N. WALLER, Case Manager, and
DOES 1 to 10,
        Respondents.
-------------------------------------------------------X

05-CV-0067 (ARR)

NOT FOR PUBLICATION

OPINION AND ORDER

ROSS, J.

    Petitioner, Benjamin Lucas, an inmate at the Metropolitan Detention Center in Brooklyn, brings this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the manner in which respondents have calculated his Good Conduct Time ("GCT"). This Court grants petitioner's request to proceed in forma pauperis. For the reasons set forth below, however, the instant petition is denied.

    This is one of many § 2241 petitions brought recently in this and other federal district courts to challenge the manner in which the Federal Bureau of Prisons ("BOP") interprets 18 U.S.C. § 3624(b). This section, which authorizes the BOP to award GCT to federal inmates, provides, in pertinent part, that:

> a prisoner who is serving a term of imprisonment of more than 1 year, other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with the institutional disciplinary regulations.

18 U.S.C. § 3624(b)(1). Respondents, pursuant to a BOP regulation, 28 C.F.R. § 523.20, award

an inmate up to 54 days of GCT at the end of each 365-day period actually served by the inmate. Petitioner and other inmates, on the other hand, rely on the statute's reference to "term of imprisonment" in arguing that inmates are eligible for up to 54 days of GCT for each year of their imposed sentence. Under this interpretation, an inmate could deduct 54 days from the first year of his sentence after serving only 311 days.

Although the Second Circuit has yet to consider the issue, at least three other Circuit Courts of Appeals have upheld the BOP's interpretation of the statute. See Perez-Olivo v. Chavez, 394 F.3d 45 (1st Cir. 2005); White v. Scibana, 390 F.3d 997 (7th Cir. 2004); Pacheco-Camacho v. Hood, 272 F.3d 1266 (9th Cir. 2001). All three of these courts employed the two-part test enunciated by the Supreme Court in Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 842-43 (1984), and concluded that § 3624(b) is ambiguous but that the BOP's interpretation of the statute is reasonable. This same reasoning has been almost uniformly followed by the many district courts in this Circuit to have considered the issue thus far. See Sash v. Zenk, 344 F.Supp.2d 376 (E.D.N.Y. 2004); Schurkman v. Bureau of Prisons, No. 04 Civ. 5341 (DC), 2004 WL 2997863 (S.D.N.Y. Dec. 28, 2004); Paul v. Lappin, No. 04 CV 1928, 2004 WL 2901526 (D.Conn. Dec. 10, 2004); Wallace v. Bureau of Prisons, No. 04 Civ. 5769 (MBM), 2004 WL 2849605 (S.D.N.Y. Dec. 9. 2004); Moore v. Bureau of Prisons, No. 04 Civ. 5011 (GEL), 2004 WL 2609589 (S.D.N.Y. Nov. 17, 2004); Loeffler v. Bureau of Prisons, No. 04 Civ. 4627 (GWG), 2004 WL 2417805 (S.D.N.Y. Oct. 29, 2004); Pasciuti v. Drew, No. 04-CV-043 (LEK), 2004 WL 1247813 (N.D.N.Y. June 2, 2004). Even those courts in this Circuit which have not adopted this reasoning have nonetheless upheld the BOP's interpretation on the ground that § 3624(b) unambiguously uses "term of imprisonment" to mean time served. See Barretto v. Bureau of Prisons, No. 04 Civ. 5346, slip op. (S.D.N.Y. Oct. 8, 2004).

In light of the consensus of opinion on this issue in this Circuit, there is no need to cite the many cases from other Circuits which have upheld the BOP's interpretation. It suffices to say that the only reported opinion to reject the BOP's interpretation, White v. Scibana, 314 F.Supp.2d 834 (W.D. Wis. 2004) (holding that "term of imprisonment" unambiguously refers to a prisoner's sentence and that § 3624(b) requires GCT to be calculated based on the total sentence imposed), was recently reversed. White, 390 F.3d 997. In addition, "[n]o purpose would be served in rehashing the arguments set forth in the many opinions cited above." Wallace, 2004 WL 2849605, at *2 (quoting Moore, 2004 WL 2609589, at *1). This Court concurs entirely with the view that, although § 3624(b) is ambiguous, the BOP's interpretation is entirely reasonable and entitled to deference under Chevron, 467 U.S. at 844. This petition is therefore denied.

For the reasons set forth above, this petition for a writ of habeas corpus is denied. Because petitioner has not made a substantial showing that he has been denied a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253(c); see Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

ALLYNE R. ROSS
United States District Judge

Dated: Brooklyn, New York
April 19, 2005

Service List:

*Pro Se Petitioner:*
Benjamin Lucas
#48748-054
Metropolitan Detention Center
P.O. Box 329002
Brooklyn, NY 11232

*Counsel for Respondents:*
United States Attorney's Office
One Pierrepont Plaza
Brooklyn, NY 11201